**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50335 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02194-IEG |
| v. | |
| JOSE HERIBERTO CHAIREZ-ACEVES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

    Jose Heriberto Chairez-Aceves appeals from the 41-month sentence imposed

following his guilty-plea conviction for importation of cocaine, in violation of 21

U.S.C. §§ 952 and 960 and 18 U.S.C. § 2.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chairez-Aceves first contends that the district court erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2(b). Although Chairez-Aceves was a passenger in the car during the border crossing, the record reflects that the drug load on that trip was substantial, that he voluntarily made the trip, that he suspected or knew he was engaging in criminal activity, and that he tried to allay the suspicions of the border agent. Furthermore, the record permits the inference that this was Chairez-Aceves' second trip across the border with drugs. On this record, the court's denial of a minor role adjustment was not clearly erroneous. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006) (stating standard of review and holding that denial of minor role adjustment was not clear error where evidence showed that the defendant, although not a principal, voluntarily went to pick up large quantities of drugs on more than one occasion).

Chairez-Aceves next contends that his sentence is substantively unreasonable. The district court imposed a sentence at the bottom end of the Guidelines range, after departing downward eight levels on the basis of Chairez-Aceves' substantial assistance and a combination of other factors. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**